**David Wilson MUDENG; Sience Mantiri; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73858.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 24, 2009.

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioners.

Brendan Paul Hogan, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

David Wilson Mudeng, with his wife and children, natives and citizens of Indonesia,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand and dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review for abuse of discretion the BIA's denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused Mudeng's untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4),(5). His asylum claim therefore fails.

Substantial evidence supports the agency's denial of withholding of removal, because Mudeng failed to demonstrate the harassment he suffered rose to the level of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003), and he did not establish a clear probability of persecution if he returns to Indonesia, *see id.* at 1184–85. Moreover, Mudeng does not contest the agency's finding that he has not established he could not reasonably relocate within Indonesia. *See* 8 C.F.R. § 1208.16(b)(3).

The BIA did not abuse its discretion in denying Mudeng's motion to remand because it acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) (a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same);

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DENIED.**